# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 99-3819

_____

| | | |
|---|---|---|
| In re: Jesus E. Cantu, | * | |
| | * | |
| Debtor, | * | |
| | * | Appeal from the United States |
| Michael S. Dietz, Trustee of the | * | Bankruptcy Appellate Panel |
| Estate of Jesus Cantu, | * | for the Eighth Circuit. |
| | * | |
| Appellant, | * | [UNPUBLISHED] |
| | * | |
| v. | * | |
| | * | |
| Hormel Employees Credit Union, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 13, 2000
Filed: July 17, 2000

_____

Before HANSEN and HEANEY, Circuit Judges, and MILLS,[1] District Judge.

_____

PER CURIAM.

---

[1]The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Michael S. Dietz, the trustee of Jesus E. Cantu's bankrupt estate, appeals the order of the Bankruptcy Appellate Panel for the Eighth Circuit affirming the decision of the United States Bankruptcy Court[2] for the District of Minnesota.

For reversal, Dietz argues that the bankruptcy appellate panel erred in concluding that the Hormel Employees Credit Union's security agreement met the requirements of Minn. Stat. § 336.9-203(1)(a) (Supp. 2000) and that the security interest attached to Cantu's vehicle. A security interest attaches and is enforceable if (1) the collateral is in possession of the secured party, or if there is a signed security agreement containing a description of the collateral, (2) value is given, and (3) the debtor has rights in the collateral. See Minn. Stat. § 336.9-203(1). Dietz challenges only whether there was a signed security agreement that contained a description of the collateral.

The facts are fully set forth in the opinion of the bankruptcy appellate panel. Having carefully reviewed the record and the parties' briefs, we agree with the bankruptcy appellate panel that both the loan agreement and the funds advance voucher make up the security agreement, and together, they met the statutory requirements. Accordingly, we affirm for the reasons set forth in the bankruptcy appellate panel's opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[2]The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

2